UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DASYAM SAMUEL RAJASEKHAR,
    *Plaintiff*,

v.

ENVIRONMENTAL DATA RESOURCES,
INC.,
    *Defendants*.

No. 3:18-cv-01535 (JAM)

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff Dasyam Samuel Rajasekhar has filed a complaint for employment discrimination against defendant Environmental Data Resources, Inc. (EDR). I will grant EDR's motion to dismiss on the grounds that the complaint does not state plausible grounds for relief and that this action is barred by Rajasekhar's entry into an agreement that releases EDR from any claims arising from Rajasekhar's employment.

### BACKGROUND

On September 11, 2018, Rajasekhar filed a complaint against EDR, alleging that he was subject to employment discrimination under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990. Doc. #1 at 1-2. According to the complaint, EDR engaged in retaliation and terminated Rajasekhar's employment on March 18, 2016. *Id.* at 2.

The complaint alleges the following facts to support Rajasekhar's claims:

> From June 2015 onwards I complained of discriminatory act/misconduct directed against me and others both in writing as well as informally. There was no significant reduction. Instead I noticed retaliatory acts. These were also brought to attention in the form of informal as well as formal grievances. Retaliations were in the form of excessive scrutiny, false statements of qualifications and

> work performance, intimidations, warnings not to complain about co-workers, false accusation of disrupting meetings, purposefully and needlessly boasting that illegal cutting corners to environmental due diligence maps[,] mocking NEPA to [o]ffend me, sexual gestures and conversations-offensive to me, profanity-Christian, not playing along-team player. Fired after grievance that questioned my continued employment – harassment.

*Id.* at 2.

Attached as an exhibit to the complaint is a letter reflecting that, upon the termination of his employment, Rajasekhar entered into a separation-and-release agreement with EDR. The letter states that the agreement contained a clause whereby Rajasekhar agreed to "[r]elease and fully discharge [EDR] of and from any and all claims, demands, causes of action, and rights, known and unknown, whether in contract, tort or otherwise, which you ever had on or before the Separation Date or may have in the future arising out of or in any way in related to your agreement with or separation from EDR up to and including the date of the execution of this Agreement." Doc. #1-1 at 1. Rajasekhar accepted from EDR a payment of $15,407.57 in connection with this agreement and the termination of his employment. *Ibid.*

EDR has moved to dismiss on multiple grounds. Doc. #25. Although Rajasekhar has filed certain documents subsequent to the motion to dismiss, his responses have not addressed any of the arguments raised in EDR's motion to dismiss.

## DISCUSSION

The background principles governing a Rule 12(b)(6) motion to dismiss are well established. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). This "plausibility" requirement is "not akin to a

probability requirement," but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *Charles v. Orange Cty.*, 925 F.3d 73, 81 (2d Cir. 2019) (same). In addition, a court is "not bound to accept as true a legal conclusion couched as a factual allegation" or "to accept as true allegations that are wholly conclusory." *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014).

The allegations of a *pro se* plaintiff's complaint must be read liberally to raise the strongest arguments that they suggest. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (*per curiam*). Still, even a *pro se* complaint must allege enough facts to state plausible grounds for relief. *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

EDR argues that the complaint fails to state facts that give rise to plausible grounds for relief. I agree. Rajasekhar makes solely conclusory allegations of discrimination, failing to identify any particular actions by particular persons on any particular date other than the date he lists as his date of termination.

Apart from these pleading deficiencies, EDR further argues that this lawsuit has been filed in violation of Rajasekhar's separation-and-release agreement. I agree. Rajasekhar entered into an agreement that released EDR from any claims arising from his employment, specifically including any claims for violation of employment discrimination laws. Doc. #26-1 at 4-5.[1] Rajasekhar has not stated any reason why the separation-and-release agreement is invalid or

---

[1] Because Rajasekhar attached materials to his complaint reflecting his entry into a separation-and-release agreement, *see* Doc. #1-1, it is appropriate for the Court to consider the entire separation agreement as attached to EDR's motion to dismiss, *see* Doc. #26-1; *Sierra Club v. Con-Strux, LLC*, 911 F.3d 85, 88 (2d Cir. 2018) (noting that "[a] complaint is also deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint") (internal quotations and citation omitted).

unenforceable against him. *See, e.g., 7-Eleven, Inc. v. Khan*, 2016 WL 223694, at *3 (D. Conn. 2016) (enforcing release of claims).

## CONCLUSION

The motion to dismiss (Doc. #25) is GRANTED. In light of the grounds for dismissal discussed in this ruling, I need not consider EDR's additional arguments for dismissal. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 1st day of July 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge